IN RE: T. SPEAS ROBERTSON, FORMER JUSTICE OF THE PEACE FOR OLDTOWN TOWNSHIP, FORSYTH COUNTY, EX PARTE

No. 7021SC109

(Filed 4 February 1970)

1. **Contracts § 8; Courts § 17—  contract for justice of the peace to collect accounts — validity**

   Contract between a physician and a justice of the peace for the justice of the peace, under color of his office, to collect accounts owed the physician by his patients, if made, would be void, since no judicial officer may lawfully contract so to use "the color of his office," and no party to actions to be decided by a justice of the peace may lawfully contract with the justice of the peace as to the results of those actions.

2. **Courts § 17; Clerks of Court § 1—  abolishment of office of justice of the peace — compelling delivery of records to clerk of court**

   Statutes requiring justice of the peace to deliver his records to the clerk of superior court upon expiration of his term of office and giving the clerk power to compel such delivery, G.S. 7-133, G.S. 2-16(12), were not impliedly repealed by the abolishment of the office of justice of the peace.

3. **Courts § 17—  records of justice of the peace — public inspection — abolishment of office**

   Records of a justice of the peace are public records which should be available and open to public inspection, and the fact that the office of justice of the peace no longer exists in the county furnishes a former justice of the peace no immunity from public review of his official actions while he held that office.

4. **Courts § 17; Clerks of Court § 1—  records of justice of the peace — compelling delivery of records to clerk of court**

   Records which a former justice of the peace can be required to deliver to the clerk of superior court are not limited to the civil and criminal dockets referred to in G.S. 7-130. G.S. 7-133, G.S. 2-16(12).

**5. Courts § 17;    Clerk of Court § 1—    abolishment of office of justice of peace — clerk's order requiring delivery of records to the clerk**

Where office of justice of the peace had been abolished in a county upon establishment of a district court therein, the superior court properly affirmed an order of the clerk of superior court directing a former justice of the peace to produce for inspection by the clerk all records made or maintained by him by virtue of, or under color of, his office as a justice of the peace, including, but not limited to, docket books, receipt books, and all records relating to bank accounts into which monies collected under color of his office were deposited.

APPEAL by Respondent from *Exum, J.,* 10 November 1969 Session of FORSYTH Superior Court.

On 14 May 1969 Lathan T. Moose filed a verified petition with the clerk of Superior Court of Forsyth County in which he alleged: Petitioner, Lathan T. Moose, is a licensed physician and surgeon with an office in Forsyth County. Respondent, T. Speas Robertson, is a former justice of the peace whose term of office expired on 1 December 1968. "Prior to December 1, 1968, and dating from approximately April 1, 1967, petitioner contracted with respondent for respondent, under color of his office as Justice of the Peace of Forsyth County, for collection of certain delinquent accounts totaling in excess of $20,669.70 due petitioner as payments from patients for services rendered to them by him as a physician and surgeon." On demand of respondent, petitioner forwarded to respondent a total of $1,041.75 "as reimbursement for costs of court and service and judgments for aforesaid various accounts." Respondent "proceeded on said accounts, collecting on some, proceeding to judgment on others within the color of his office of Justice of the Peace of Forsyth County, North Carolina." On information and belief, petitioner alleged respondent collected in excess of $3,000.00 from said accounts and "refuses to forward or account for said monies" and "converted funds belonging to petitioner to his own use."

The petition prayed that the clerk issue an order directing the respondent to produce all records made or maintained by him during his term of office as a justice of the peace, that the order set the time and place for the production of said records, and that respondent be "subpœnæd to appear at the same time in order to explain said records and why he has made no accounting to petitioner."

Upon this *ex parte* petition the clerk of superior court signed an order dated 14 May 1969 directing the respondent to appear before the clerk on 28 May 1969 and to produce for inspection all records made or maintained by him by virtue of, or under color of, his office

as a justice of the peace. Copies of the petition and order were served on the respondent on 15 May 1969. On motion of respondent for additional time, the clerk entered an order allowing him until 6 June 1969 in which to appear before the clerk "to produce said records or file answer or otherwise plead in this matter."

On 6 June 1969 respondent filed answer, denying he had contracted with petitioner for the collection of delinquent accounts, but admitting certain accounts had been sent to him "to institute civil actions on." In a further answer respondent alleged: That he had instituted proceedings against the defendants named in the accounts; that some of the defendants appeared before the respondent, some could not be located for service of summons, some went to petitioner and made settlement, and some did not respond; that he was paid $1,914.75 by defendants in such actions, which was transmitted to the petitioner; that he had billed the petitioner $1,041.75 in court costs, which petitioner paid; that defendants paid respondent an additional $3,217.85, "which respondent has credited to the account of petitioner"; and that petitioner has refused to pay for the court costs and other expenses of the respondent, which amount to $918.31, but has insisted on the payment of the full amount of $3,217.85.

Respondent prayed that the order theretofore entered against him be dismissed "for the reason that the clerk is without authority and jurisdiction to enter same, and for the further reason that petitioner is and has been offered full opportunity to examine any of the records of the respondent, thereby eliminating the purpose of this proceeding."

After hearing, the clerk of superior court on 12 June 1969 signed an order adjudging that:

> "T. Speas Robertson shall forthwith produce for inspection by the clerk all records made or maintained by him by virtue of or under color of his office as a justice of the peace, including but not limited to, docket books, receipt books, bank deposit slips, bank statements for all accounts into which monies collected under color of office were deposited, all cancelled checks drawn upon said accounts, journals and ledgers or the equivalent records maintained, including cash books, bank deposit books, and check stubs for accounts where monies collected were deposited."

Respondent appealed to the Superior Court of Forsyth County and on 10 November 1969, after hearing argument of counsel, Judge James G. Exum, Jr., entered an order affirming in all respects the

order of the clerk dated 12 June 1969. From this order, respondent appealed.

*No counsel for petitioner appellee.*

*Wesley Bailey for respondent appellant.*

PARKER, J.

[1]     G.S. 7A-176, enacted as part of Chap. 310 of the 1965 Session Laws, provides:

> "The office of justice of the peace is abolished in each county upon the establishment of a district court therein."

The record before us points up the desirability of this legislation. On the one hand petitioner, a physician and surgeon, alleges that he contracted with respondent, a justice of the peace, "for respondent, under color of his office as Justice of the Peace," to collect certain accounts which petitioner claimed were owed him by his patients for professional services rendered to them. Such a contract, if made, was clearly void. No judicial officer may lawfully contract so to use "the color of his office"; and it would have been equally unlawful for petitioner, as party plaintiff in civil actions to be heard and decided by respondent, to contract with respondent as to the results of such actions. On the other hand respondent, while denying he contracted with petitioner for the collection of the accounts, admits he received the accounts "for the institution of civil suits by your respondent as a justice of the peace," that he instituted such proceedings against the defendants named in the accounts, and that such defendants paid him $3,217.85, which he "credited to the account of petitioner." While the meaning of this last allegation is not clear, it is obvious that respondent, whose term of office expired 1 December 1968, is still retaining possession of funds which do not belong to him. Thus, neither petitioner nor respondent appears on this record in a favorable light.

[5]     On this appeal, however, we are not called upon to decide the relative rights and liabilities of petitioner and respondent as between themselves. This is not a civil action in which those rights and liabilities can be properly adjudicated. We are concerned here only with the validity of the order of the judge of superior court which affirmed the clerk's order directing respondent to produce certain records for inspection by the clerk. Determination of this

question requires interpretation of the following statutes in the light of G.S. 7A-176 which abolished the office of justice of the peace.

G.S. 2-16 provides:

"Every clerk has power —

*     *     *     *     *

"(12)    To compel the return to his office by each justice of the peace, on the expiration of the term of office of such justice, or, if the justice be dead, by his personal representative, of all records, papers, dockets and books held by such justice by virtue or color of his office, and to deliver the same to the successor in office of such justice."

G.S. 7-130 provides:

"Justice shall keep docket. — A civil and criminal docket shall be furnished each justice, at the expense of the county, by the board of county commissioners, in which shall be entered a minute of every proceeding had in any action before such justice."

G.S. 7-133 provides:

"Dockets, papers, and books delivered to successor. — When a vacancy exists, from any cause, in the office of a justice of the peace, whose docket is not filled, or when such justice goes out of office by expiration of his term, such former justice, if living, and his personal representative, if dead, shall deliver such docket, all law and other books furnished him as a justice of the peace, and all official papers, to the clerk of the superior court for his successor, who is authorized to hear and determine any unfinished action on said docket, in the same manner as if such action had been originally brought before such successor."

[2, 3]    Respondent contends that the sole purpose of G.S. 2-16(12) and G.S. 7-133 was to require delivery of the enumerated records by a justice of the peace on expiration of the term of his office *in order that such records might be delivered to his successor.* From this premise he argues that the office having now been abolished in Forsyth County by establishment of a district court therein, there is no successor to whom the records may be delivered and therefore the purpose of the statutes is no longer possible of fulfillment. We do not interpret these statutes so narrowly. A valid purpose may still be served by requiring respondent to deliver the records involved to the clerk. These are public, not private, records. They should be avail-

able and open to public inspection. The fact that the office of justice of the peace no longer exists in Forsyth County furnishes respondent no immunity from public review of his official actions while he held that office. Therefore, we do not agree that these statutes have been impliedly repealed. G.S. 7-133 still stands to command that respondent "shall deliver" certain records, books, "and all official papers," to the clerk. G.S. 2-16(12) still grants the clerk power to enforce that command.

[4, 5]    Appellant next contends that even if G.S. 2-16(12) and G.S. 7-133 are still in effect, the only records which he can be required to deliver to the clerk are the civil and criminal dockets referred to in G.S. 7-130. There is no merit in this contention. G.S. 7-133 expressly commands respondent to deliver, in addition to the dockets "all law and other books furnished him as a justice of the peace, *and all official papers*. . . ." (Emphasis added.)  G.S. 2-16(12) empowers the clerk to compel the return to his office of "*all records, papers, dockets and books held by such justice by virtue or color of his office*. . . ." (Emphasis added.) Neither statute is limited to apply just to the civil and criminal dockets. No valid reason appears why respondent should not comply with these statutes as written.

The order appealed from is

Affirmed.

CAMPBELL and HEDRICK, JJ., concur.